### BELLE THATCHER v. MARY B. ALLEN.

When a partnership business, after it has been sold, continues to be carried on in the firm name, a contract within the scope of the firm business, made by a member of the firm with a person who has no knowledge of the change in the ownership of the business, is binding upon the person to whom the business has been sold.

On error to the Hunterdon Circuit Court.

Argued at June Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justice GUMMERE.

For the plaintiff in error, *George H. Large.*

For the defendant in error, *Richard S. Kuhl.*

The opinion of the court was delivered by

GUMMERE, J.    This writ brings up for review a judgment of the Circuit Court entered upon a verdict for the plaintiff, which was directed by the trial judge at the close of the testimony.    The error alleged is the action of the court in taking the case from the jury.

The pertinent facts developed at the trial were these: The plaintiff, in 1879, purchased from her father-in-law, Robert Thatcher, and her husband, Amos Thatcher, a milk business which they had carried on up to that time under the name of R. Thatcher & Son.    The plaintiff, after purchasing the business, continued to carry it on under the same name, and neither the defendant nor the public generally, so far as the case shows, were ever notified of the change of ownership, but believed it to be still carried on by Robert and Amos

Thatcher. From 1880 to 1893, the plaintiff supplied milk to the defendant, and this action was brought to recover the moneys which she claims are due to her on that account. The defendant does not deny that the milk was furnished her at the times and in the quantities stated by the plaintiff, but sets up as a defence that her husband, who died in 1878, recovered a judgment against Robert Thatcher and others in his lifetime, and that the bill sued upon was incurred by her under an agreement made with the firm of R. Thatcher & Son, that the moneys to grow due upon the sale of the milk in question should be applied as part payment on that judgment, and she insists that, notwithstanding the change in the ownership of the business, she is entitled to the benefit of this agreement. Some evidence was offered by the defendant tending to show that such an agreement had been made, but the trial judge overruled the defence and directed a verdict, on the ground that there was nothing in the case to show that the defendant had any interest in the judgment.

In this there was error. The case should have been submitted to the jury, under proper instructions from the trial judge. This milk business having been originally carried on by the firm of R. Thatcher & Son, and there being no change in the name under which that business was conducted after its transfer to the plaintiff, and no notice having been given to the defendant, or to those who made this contract for her benefit, of the transfer of the business to the plaintiff, this contract was as valid against her as it would have been against the firm of R. Thatcher & Son, if the business had still belonged to them. 1 *Lind. Part.* 221, and cases cited.

Nor does the fact that there was no evidence to show that the defendant had any interest in the judgment, which was the subject-matter of the contract, invalidate that contract, for it was entirely immaterial to the firm of R. Thatcher & Son, who owned or controlled that judgment, so long as the moneys due for the milk furnished were applied to its payment.

The judgment below should be reversed and a new trial ordered.